```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


BRIAN MICHAEL CHIPMAN,

                 Plaintiff,

vs.                                 Case No.  2:10-cv-321-FtM-29DNF

D. WHELAN, Sergeant I.D. #WD13,

                 Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court upon review of Defendant Whelan's Motion to Dismiss (Doc. #28, Motion) with attached exhibit (Doc. #28-1). Plaintiff filed a response in opposition to the Motion (Doc. #31, Response) with attached exhibits (Doc. #31-1).[1] This matter is ripe for review.

### I. Factual Background

Brian Michael Chipman, who is in the custody of the Florida Department of Corrections, initiated this action by filing a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint). The Complaint attaches 24 pages of exhibits (Doc. #1-1 through #1-9). According to the Complaint, Defendant Whelan

---

[1] Defendant Whelan points out that Plaintiff asks that summary judgment be entered in Plaintiff's favor in his Response and seeks a stay of the action, including responding to Plaintiff's motion for summary judgment, until such time as the Court rules on Defendant's Motion. See Doc. #32. In light of the Court's ruling on Defendant's Motion, as set forth herein, the Court finds Defendant's Motion to Stay is moot, as Plaintiff's motion for summary judgment is premature at this time.

violated Plaintiff's Eighth Amendment rights on December 9, 2009. See generally Complaint. Plaintiff alleges that Defendant Whelan "grabbed [Plaintiff] in a violent way around his right arm leaving abrasions and pushed [Plaintiff] into the wall and stomped on [Plaintiff's] right foot also causing abrasions" because Plaintiff allegedly disobeyed Whelan's order. Id. at 8. Plaintiff states that he was issued a disciplinary report for disobeying staff, was found guilty of the charge by correctional officials, and has filed a writ of mandamus with the State circuit court challenging the finding. Id. at 10. As relief, Plaintiff seeks, *inter alia*, monetary damages for mental and physical pain and suffering. Id. at 11-12.

Defendant moves to dismiss this action on three grounds. First Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that the court lacks subject matter jurisdiction because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). Motion at 6. Defendant points out that Plaintiff received a disciplinary report in connection with the incident at issue in the Complaint, for which he lost gain time, and the disciplinary conviction remains valid, despite Plaintiff's pending writ of mandamus filed in the State court challenging the disciplinary report. See Motion 9. Defendant submits that a finding in

Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction. Id. at 8.

Second, Defendant seeks dismissal due to Plaintiff's failure to disclose prior cases. Motion at 10. Defendant argues that Plaintiff's failure to disclose the fact that he had filed a petition for writ of mandamus with the State court concerning the subject disciplinary incident on both the prisoner civil rights complaint form and in response to the Court's Order to comply with Local Rule 1.04(d) constitutes an abuse of the judicial process, which warrants dismissal as an appropriate sanction. Id.

Finally, Defendant argues that Plaintiff's Complaint fails to articulate a First Amendment retaliation claim. Id. at 12. For the reasons set forth herein, the Court finds that Defendant's Motion is due to be denied in its entirety.

## II. Applicable Law

A motion to dismiss pursuant to Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985). Attacks on subject matter jurisdiction come in two forms. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence

v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990). The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction. Lawrence, 919 F.2d at 1529. In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion. Id. In contrast, as in the instant case, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case. Id. The court can look outside the pleadings in order to make its determination, and the court is free to weight the evidence in order to determine whether it has jurisdiction. Id.; see also Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008)(stating "[w]here exhaustion--like jurisdiction, venue, and service of process--is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record.").

Section 1915 provides that a court shall dismiss at any time a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from a claim. 28 U.S.C. § 1915(e)(2)(B). This section affords the court with the power to impose sanctions for abuse of the judicial process. Williams v. Brown, 347 F. App'x

429, 433 (11th Cir. 2009). The Eleventh Circuit recognizes that dismissal of a complaint for plaintiff's perjury on the complaint form in response to the question of the existence of prior lawsuits filed is an appropriate sanction. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds Jones v. Bock, 127 S. Ct. 910 (2007).

The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III.  Analysis

#### A. Heck Bar

Defendant submits that the Court lacks subject matter jurisdiction because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Motion at 6. In Response, Plaintiff maintains that his claim is not barred by Heck. Response at 6.

In Heck, the United States Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to

> a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added)(internal citation and footnote omitted). The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings in jails. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v. Wilson, 259 F. App'x 226, 228, 2007 WL 4336446 (11th Cir. Dec. 13, 2007).

In Balisok, the plaintiff initiated a § 1983 action alleging defendants violated his due process rights during a disciplinary hearing, which resulted in the plaintiff's loss of good-time credits. Id. at 643. The Balisok Court concluded that a § 1983 action was not cognizable, even though the plaintiff was challenging the procedure and not the result, because a finding in favor of the plaintiff would "necessarily imply the invalidity of the punishment imposed." Id. at 648. The Court held that a prisoner could not pursue such an action unless the prisoner had successfully invalidated the disciplinary report. Id. at 646-68; see also Wilkinson v. Dotson, 544 U.S. 74 (2005)(finding a state prisoner's § 1983 action is barred--absent prior invalidation--no matter the relief sought--damages or equitable relief--no matter the target of the prisoner's suit--state action leading to

-6-

conviction or internal prison proceedings--if success in that action would necessarily invalidate prisoner's confinement).

However, the Court has rejected the view that Heck applies to all suits challenging prisoner disciplinary proceedings. See Muhammad v. Close, 540 U.S. 749, 754-55 (2004); Dyer v. Lee, 488 F.3d 876, 879 (11th Cir. 2007); see also Beecher v. Jones, Case No. 3:08-cv-416, 2010 WL 5058555 (N.D. Fla. Oct. 29, 2010)(finding the plaintiff did not "steer his case" into *Heck* territory because according to the complaint "[p]laintiff could have committed all of the acts set forth in the DR and hearing team decision, yet the manner in which the chemical agent was applied, the duration of its application, etc., could still constitute the use of excessive force."). In Muhammad, the Court declined to extend Heck to a prisoner's § 1983 action claiming a constitutional violation based on his pre-hearing confinement. The Court held that this plaintiff's action did not challenge the conviction, the disciplinary action, nor did he seek expungement of the misconduct finding, so it was not "construed as seeking a judgment at odds with his conviction." Id. at 754-55.

In the instant case, the Court finds that Plaintiff has not steered his case into Heck territory. The Court's determination whether a claim is barred by Heck turns on the Plaintiff's allegations. The Charging Disciplinary Report, dated December 28, 2009 (Log #575-090800), states as follows:

> On 12/09/09 I Sergeant Whelan was assigned to G-Dormitory. At approximately 10:55 a.m. Inmate Chipman, Brian DC #R16382 asked me if he could go to classification. I told Inmate Chipman that he would not be able to go at this time the yard is closed. At 11 a.m. I opened the wing 1 door to let inmates into the dorm at this time. Inmate Chipman looked towards the G-Dormitory control room then he ran out of the wing 1 door. I'm charging inmate Chipman with 6-I disobeying verbal order.

Doc. #1-5. Similarly, the February 10, 2010 response, to Plaintiff's formal grievance, explains in pertinent part:

> The disciplinary report was written due to [Plaintiff] not following the last order given []. Sgt. Whelan gave you an order to not leave the dorm and you chose to leave the dorm when he opened the door for inmates to come in.

Dpc. #1-7.

Plaintiff's claims in the instant Complaint are based on the assertion that he was subjected to excessive use of force by Defendant Whelan after he allegedly disobeyed Whelan's order and attempted to leave the dormitory. Plaintiff is not disputing the disciplinary charge or seeking restoration of lost gain time in his Complaint. Instead, Plaintiff is challenging the manner in which Defendant Whelan applied force upon him when he returned back to Whelan after trying to leave the dormitory.

Thus, Plaintiff's basis for this action is not intertwined with the facts upon which the disciplinary conviction is based. A judgment in favor of Plaintiff, finding that Defendant Whelan used excessive force on Plaintiff without provocation in violation of the Eighth Amendment, would not necessarily imply the invalidity of

the disciplinary charge of disobeying an order.  See Richards v. Dickens, 411 F. App'x 276, 278, 2011 WL 285212 (11th Cir. Jan. 31, 2011).  Thus, the Court finds Plaintiff's claim is not barred by Heck.

### B. Dismissal as Sanction

In the alternative, Defendant seeks dismissal of Plaintiff's Complaint as a sanction for Plaintiff's dishonest and malicious conduct. Motion at 10.  In response, Plaintiff explains he did not identify the State petition for writ of habeas corpus on his Complaint form or in response to the Court's Order to identify any related cases because he did not consider the petition against the Secretary of the Florida Department of Corrections to concern the conditions of his confinement or his petition seeking restoration of his gain time to be related to his § 1983 claim for Whelan's use of excessive force. Response 7-8.  Defendant attaches a copy of the State petition to his Motion.  Doc. #28-1.

The Court finds the *pro se* Plaintiff did advise the Court that he filed the State petition.  Indeed, Plaintiff stated in the body of his Complaint that he filed the State petition and even attached a copy of the petition to his Complaint.  Complaint at 10; Doc. #1-1.  Thus, Plaintiff's technical failure to include this case under section IV, subsection A and C of the civil rights complaint form, or in response to the Court's May 21, 2010 Order was unintentional and certainly not misleading.  Under no circumstances does the

Court find that Plaintiff's actions rise to the type of "evidence of bad faith" or "maliciousness" to warrant dismissing this action as an appropriate sanction. Williams v. Brown, 347 F. App'x 429, 433 (11th Cir. 2009).

**Retaliation**

Defendant seeks dismissal of Plaintiff's First Amendment retaliation claim on the basis that the Complaint fails to adequately state a claim for relief. Motion at 12. Upon review of the Complaint, even liberally construed, the Court does not read Plaintiff's Complaint as alleging a claim of retaliation stemming from Plaintiff's transfer as a separate cause of action. See Complaint at 8 (stating that Plaintiff raises only an Eighth Amendment claim). Indeed, Plaintiff in his Response acknowledges that he "planned to file a separate complaint" concerning his transfer and his claim of retaliation. Response at 3.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. #28) is **DENIED in its entirety**.

2. Defendant shall file an answer to the Complaint **within twenty-one (21) days** of the date of this Order.

3. Plaintiff's Motion for Summary Judgment, to the extent included in Plaintiff's Response (Doc. #31), is **DENIED as premature**.

    4.   Defendant's Motion to Stay Proceedings (Doc. #32) is **DENIED as moot.**

    **DONE AND ORDERED** at Fort Myers, Florida, on this <u>  21st  </u> day of September, 2011.

                                          */s/ John E. Steele*
                                          JOHN E. STEELE
                                          United States District Judge

SA: hmk
Copies: All Parties of Record